```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF PUERTO RICO

HORIZON INTERNATIONAL SHIPPING,    *
INC.,
                                   *
    Plaintiff,
                                   *
v.                                     CIVIL NO.:
                                   *
RANI ALASMAR and HANI AL-IBRAHIM
D/B/A/ K-LI-DAD; and               *   In Admiralty
K-LI-DAD, INC.,
                                   *
    Defendants.
-----------------------------------*
```

## COMPLAINT

**TO THE HONORABLE COURT:**

   **NOW COMES** plaintiff, **Horizon International Shipping, Inc.**, ("Horizon"), represented by its undersigned attorneys, and respectfully states, alleges and prays as follows:

   **1.** This is a civil case of admiralty and maritime jurisdiction as hereinafter more fully appears pursuant to **28 U.S.C. § 1333**, and within the meaning of **Rule 9(h)** and **Rule 38(e)** of the **Federal Rules of Civil Procedure**.

   **2.** Jurisdiction is also invoked, in the alternative, pursuant to **28 U.S.C. § 1337** since this is an action in which the rights between the parties are regulated by federal laws enacted to regulate commerce such as the **Shipping Act of 1984**, as amended by the **Ocean Shipping Reform Act of 1998** and the **Coast Guard Authorization Act of 1998, 46 U.S.C. App. §§ 1701-1721**, and the

applicable regulations approved by the Federal Maritime Commission pursuant to the provisions of said Shipping Act, as well as under the ocean intermediary's tariffs, as well as other federal laws such the **Harter Act, 46 U.S.C. §§ 190-196**, the **Federal Bills of Lading Act, 49 U.S.C. §§ 81-124**, and the **Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300-1315**.

**3.** Venue is proper pursuant to **28 U.S.C. § 1391** in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**4.** Plaintiff Horizon is and operates as an ocean transportation intermediary in the waterborne domestic commerce of the United States, and is engaged in the transportation by water of merchandise between, among others, places in the continental United States and places in the Commonwealth of Puerto Rico (hereinafter "Puerto Rico").

**5.** Upon information and belief, defendants **Rani Alasmar** and **Hani Al-Ibrahim** are residents of Puerto Rico who do business as K-Li-Dad, an unincorporated business having their principal place of business in Aguadilla, Puerto Rico.

**6.** Upon information and belief, co-party defendant **K-Li-Dad, Inc.** is a business entity incorporated or organized under the laws of the Commonwealth of Puerto Rico, and has its principal place of business in Aguadilla, Puerto Rico.

**7.** On different dates, Horizon transported on behalf of the

defendants certain goods pursuant to bills of lading, which goods were transported by sea and overland (intermodal) for an agreed total freight owed of **$12,278.32.**

**8.** As of this date, the amount of **$12,278.32** representing freight charges remains unpaid, although payment of the same has been duly demanded.

**9.** The defendants have recognized and admitted that the outstanding freight charges are owed to the plaintiff by having issued checks which were returned for insufficient funds.

**WHEREFORE,** plaintiff **Horizon International Shipping, Inc.** respectfully prays from the Honorable Court that a judgment be entered against the defendants in the amount of **$12,278.32,** in addition to interest, costs and reasonable attorneys' fees.

In San Juan, Puerto Rico, this 22nd day of February of 2010.

**CALVESBERT LAW OFFICES PSC**
**Centro de Seguros Bldg., Suite 214**
**701 Ponce de León Avenue (Miramar)**
**San Juan, Puerto Rico 00907**
**Tel. (787) 722-8800**
**Fax: (787) 729-0066**

**Attorneys for Plaintiff,**
**Horizon International Shipping, Inc.**

**By:** s / *Paul E. Calvesbert*
   **Paul E. Calvesbert**
   **USDC-PR No. 118503**
**E-mail:** paul@calvesbertlaw.com